STATE *vs.* JOSEPH DONDIS.

Knox. Opinion July 15, 1913.

*Averments. Complaint. Demurrer. Evidence. Exceptions. Inferior Court. Jurisdiction. Prima Facie Evidence. Recorder. Revised Statutes, Chapter 29, Section 49. Search and Seizure.*

1. The recorder of a municipal court is at most a magistrate of inferior and limited jurisdiction and even within limits his jurisdiction is only exceptional and occasional.

2. There is no presumption of jurisdiction of the recorder of a municipal court arising from the fact that he assumed to exercise jurisdiction.

3. Whether he has jurisdiction or not is a question of fact depending upon proof.

4. The words in chapter 114 of the Private and Special Laws of 1903 as amended by the Private and Special Laws of 1909, creating the police court of the city of Rockland, viz.: "the signature of the recorder as such shall be sufficient evidence of his right to act," instead of the Judge in accordance with the provisions of the act in criminal proceedings, created a presumption of his authority to act.

5. The recorder's signature created a presumption of his authority to act and obviated the necessity of allegation and proof at the outset.

6. The want of averment of the day when the alleged offense was committed is fatal.

7. The Law Court has no power to permit an amendment of the record sent up on a bill of exceptions. If the record was faulty, the proper place to correct it was in the court below.

On exceptions by defendant. Exceptions sustained.

This is a process of search and seizure instituted under Revised Statutes, Chapter 29, Section 49. The complaint was made to the Recorder of our Police Court for the city of Rockland, in the County of Knox, and the warrant to search was issued and signed by him. This case was carried to the Supreme Judicial Court by appeal. At the September term, 1912, of the Supreme

Judicial Court, the defendant filed a demurrer to the complaint and warrant, which was overruled by the Justice presiding, and the defendant excepted to said ruling.

The case is stated in the opinion.

*Philip Howard,* County Attorney, for State.

*M. A. Johnson, and Edward C. Payson,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, BIRD, HALEY, JJ.

SAVAGE, C. J. This case comes up on exceptions to the overruling of the defendant's demurrer. The process was a search and seizure process instituted under R. S., chap. 29, sect. 49, which chapter is the prohibitory liquor law of this State. A complaint was made "To the Recorder of our Police Court for the city of Rockland, in the County of Knox," wherein the complainant averred that he believed "that on the ...... day of .... A. D., 1912, at said Rockland in said County of Knox, intoxicating liquors were, and still are, kept and deposited by Joseph Dondis," intended by him for sale in violation of law. The complaint was sworn to before the recorder of the court, who issued a warrant for search, over his signature.

In support of the demurrer, it is contended that the process is fatally defective in two particulars: First, that there is no sufficient averment or statement in the complaint or warrant of the recorder's jurisdiction or authority to issue the warrant, and secondly, that the complaint contains no averment of the day in which the offence was committed.

In the Act creating the Rockland Police Court, Chapter 114, of the Private & Special Laws of 1903, as amended by Chapter 368 of the Private & Special Laws of 1909, it is provided that that court shall "consist of one judge, who shall be appointed, commissioned and qualified in the manner provided by the constitution of the state. . . . Also, one recorder, . . . to be appointed by the governor, by and with the consent of the council, commissioned and qualified in the manner provided by law." The court has jurisdiction over search and seizure complaints. It is made the duty of the recorder to make and keep the records of the court, and "to

perform all other duties required of similar tribunals." It is provided that the court shall be considered in constant session for the trial of criminal offenses.

The Act further provides in section 10, as amended, that whenever the judge "shall be engaged in the transaction of civil business, or be absent from the court-room, or the office shall be vacant; the recorder shall have and exercise the same powers and perform the same duties which the judge possesses and is authorized to perform in the transaction of criminal business. All processes issued by the recorder in criminal matters shall bear the seal of the court and be signed by the recorder and have the same authority as if issued and signed by the judge." And section 14, as amended, provides that "the signature of the recorder as such shall be sufficient evidence of his right to act instead of the judge in accordance with the provisions of this act or with provisions relating to trial justices not conflicting with this act."

The defendant's point is that a criminal proceeding consisting of a complaint addressed "to the recorder" and warrant issued by the recorder is unauthorized and void, unless it appears upon their face, by proper allegation or statement, either that the judge was engaged in the transaction of civil business, or was absent from the court room, or that the office of judge was vacant. Neither of these contingencies is expressly alleged in this proceeding.

Apart from any consideration of the words quoted above from section 14, it is doubtless true that there is no presumption of the recorder's jurisdiction arising from the fact that he assumed to exercise it. He is at most a magistrate of inferior and limited jurisdiction, and even within limits his jurisdiction is only exceptional and occasional. Whether he has jurisdiction or not is a question of fact depending upon proof. The facts essential to show his jurisdiction must be averred, and, if his jurisdiction is challenged, it must in proper cases be proved. Such was the conclusion of this court in *Guptil* v. *Richardson,* 62 Maine, at p. 265. In that case as in this, a complaint was made to a clerk of a municipal court who possessed only such exceptional and occasional jurisdiction as the recorder in this case had, and the warrant issued

thereon lacked any allegation showing the clerk's jurisdiction. And
it was held that the warrant afforded no protection to an officer
who seized liquors under it. It was unauthorized. And the case
of *Guptil* v. *Richardson* must be controlling here, unless this case
is saved by the words quoted from section 14, namely, that "the
signature of the recorder as such shall be sufficient *evidence* of his
right to act instead of the judge."

The defendant contends that these words indicate a mode of
proving the authority of the recorder, but do not excuse want of
averment, that the signature is *evidence* merely. But we think
these words are to be given a wider meaning and effect. We do
not understand that the Legislature meant to say by the phrase
"sufficient evidence" that the signature would be conclusive proof
of jurisdiction, because to say so would exceed legislative power.
We think the Legislature meant that the signature of the recorder
should be evidence, and prima facie proof, of the authority of the
recorder. It created a presumption of his authority at any time
and at any place and proceeding, when material.

It obviated the necessity of allegation and proof at the outset; a
matter that is to be presumed need not be alleged; without any
presumption of authority, it must be alleged; with the presumption,
or prima facie proof which the statute declares, allegation is unnec-
essary. To achieve this result was we think the evident purpose
of the Legislature. We hold therefore that this point of demurrer
is not well taken.

The second point in demurrer, namely, the want of averment of
the day when the alleged offense was committed, is well taken.
The defect is fatal. *State* v. *Beaton,* 79 Maine, 314. The State
concedes that this is true upon the record sent up to the Law Court,
but claims that the original complaint was perfect in this respect,
the omission being only in the copy sent up by the Police Court to
the Supreme Judicial Court with the appeal. And the State pro-
duces before the Law Court what purports to be a true copy of the
original complaint pending in the Police Court, certified by the
recorder of that court, showing that in the original complaint there
was an allegation of the day on which the supposed offense was
committed, and asks to have it considered as a part of the record

before us. In other words, the State virtually asks the Law Court to permit an amendment of the record sent up on this bill of exceptions. The Law Court has no power to do this. It is a court of limited jurisdiction. Stenographer Cases, 100 Maine, 271.

The presiding Justice below ruled upon the record as he found it, and exceptions were taken to his ruling. We cannot go outside that record. If the copy of the complaint sent up by the Police Court was faulty, the error could have been cured there by substituting a correct copy. That was not done. It is too late to attempt it here. We can only overrule or sustain the exceptions. It is simply a question of law now. For want to averment of a day when the alleged offense was committed, as appears by the only record properly before us, the entry must be,

*Exceptions sustained.*